No. 714
### NEIL v. NEIL
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5184. June 23, 1924

1033. RESIDUARY ESTATES—A devise to A for life and then to B and C "or heirs," creates a vested and not a contingent remainder in B and C.

LEVINE, J. Epitomized Opinion
Published Only in Ohio Law Abstract

This case came on appeal to the Court of Appeals. James P. Niel died, devising his real estate to his wife, Myra, for life and then to his two sons, "George E. Neil and Charles F. Neil, or heirs." Thereafter Charles died unmarried, and without issue having devised all his real estate to his mother, Myra. Thereafter Myra died leaving all her interest in realty to her nephew and niece. The question was whether Myra acquired the in-

terest of Charles in the property involved, by virtue of his devise to her. If so, then her nephew and niece would succeed to the interest in realty which Myra acquired by devise from Charles. If not, then the nephew and niece can lay no claim to the interest. Held:

The question depends upon the construction of the phrase "or heirs." If it is construed as meaning children, then George and Charles took under the will of their father contingent remainders only, and Charles was without power to dispose of his interest under the will until the happening of the contingency occurred, namely that his children became in esse. If the phrase is taken in a technical sense, then Charles and George took vested remainders and Charles was empowered to dispose of his vested remainder by will.

The law favors the immediate vesting of estates, and an estate will be deemed vested, unless the intention of the testator appears clearly to the contrary.

It is equally true that words in a will are to be understood in accordance with their natural and legal signification unless a contrary interest is manifest.

There is no manifest intent that the testator meant the phase "or heirs" to mean children. George and Charles took vested remainders and the nephew and niece of Myra are entitled to succeed the interest in the realty.

Attorneys—F. W. Stanton, for plaintiff; Landfear & Baskin, for defendant; all of Cleveland.